IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CLIFTON ROBERT WARNER                                                    PLAINTIFF

     V.                                    NO.  5:07-CV-05031-JLH

LARRY NORRIS, Director                                                  DEFENDANT
Arkansas Department of Corrections

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

     Before the undersigned for report and recommendation is the petitioner's Habeas Corpus

Petitions (Doc. 3) dated February 8, 2007 and filed February 21, 2007 by CLIFTON ROBERT

WARNER, an inmate of the Arkansas Department of Corrections.  The State file an answer on

March 19, 2007.  (Doc. 9) The Plaintiff filed no response and the matter is ready for

recommendation.

I.  Background

     On September 14, 2004, Petitioner was convicted in Benton County Circuit Court of rape.

He was sentenced as a habitual offender to a term of years to be served in the Arkansas

Department of Correction.  Petitioner filed a direct appeal in which the Arkansas Court of

Appeals affirmed his conviction on November 30, 2005.  *Warner v. State* 93 Ark. App. 233

(2005) (Doc. 9, Exhibit B)  No post conviction relief was filed in state court. (Doc. 3, p.2)

     In the appeal to the Arkansas Court of Appeals the Petitioner raised two claims:

1.  The trial court abused its discretion when, after a hearing on the matter, it overruled
defendant's oral pretrial motion in limine to exclude a hearsay witness and allowed a
witness to testify to a hearsay declaration by a child accuser pursuant to the "excited
utterance" exception to the hearsay rule...", and

2. The trial court abuse its discretion when, after a hearing on the matter, it found the
child accuser competent to testify... (Doc. 9, Exhibit A, p. 2)

The Petitioner has raised six claims for relief in the present petition:

1.  Counsel was ineffective for failing to make Petitioner aware of the serious risk associated with not accepting the prosecutor's offer of a plea;

2.  The prosecutor had no grounds upon which to charge Petitioner with rape;

3.  Insufficient jury instruction;

4.  That the victim could not properly identify the defendant [Petitioner];

5.  The trial court abused its discretion by allowing hearsay statements made by the child victim as : "excited utterances"; and

6.  The trial court abused its discretion by allowing the eight year-old victim to testify when the child did not know the difference between the truth and a lie.

## II.  Discussion

Grounds one through four: Ineffective Assistance of Counsel, No grounds to charge Petitioner with rape, Improper Jury Instruction and No proper identification.

Petitioner's first four claims are procedurally defaulted, as he never raised them in state court. Before a state prisoner is entitled to federal habeas corpus relief, he must first exhaust his state remedies and present the habeas claim to the state court. *Pollard v. Armontrout*, 16 F.3d 295, 297 (8th Cir.1994). When reviewing a federal habeas corpus petition, we can usually only consider "those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir.1992). If a prisoner has not presented his habeas claims to the state court, the claims are defaulted if a state procedural rule precludes him from raising the issues now. We will not review a procedurally defaulted

habeas claim because "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Jones v. Jerrison*, 20 F.3d 849, 853 (8th Cir.1994) (internal quotation and citation omitted). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).  *Abdullah v. Groose* 75 F.3d 408, *411 (C.A.8 (Mo.),1996)

### Grounds 1-4
### Ineffective assistance, no grounds to charge,
### insufficient jury instruction and no proper identification at trial.

Claims one through four are procedurally defaulted because he never raised them in state court. Petitioner did not file a post conviction petition under Rule 37 of the Arkansas Rules of Criminal Procedure. Since an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate was issued by the appellate court.  Ark. R. Cr. P. 37.2©   The petitioner had until January 30, 2006 to file for state post conviction relief. (Doc. 3, p. 2)

Section 2254© requires only that state prisoners give state courts a fair opportunity to act on their claims. See *Castille v. Peoples*, supra, at 351, 109 S.Ct. 1056; *Picard v. Connor*, 404 U.S. 270, 275-276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should

have the first opportunity to review this claim and provide any necessary relief. *Rose v. Lundy*, 455 U.S. 509, 515-516, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950). *845 This rule of comity reduces friction between the state and federal court systems by avoiding the "unseem[liness]" of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance. Ibid. See also *Duckworth v. Serrano*, 454 U.S. 1, 3-4, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) (per curiam); *Rose v. Lundy*, supra, at 515-516, 102 S.Ct. 1198.

Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.  *O'Sullivan v. Boerckel*  526 U.S. 838, *844-845, 119 S.Ct. 1728,**1732 - 1733 (U.S.Ill.,1999)

"Unless a habeas petitioner shows cause and prejudice a court may not reach the merits of ... procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims." *Sawyer v. Whitley*, 505 U.S. 333, (1992)

The Petitioner has not provided any reasons for his failure to raise these claims in state court or asserted any external impediment that prevented him from raising the claims. *Murray v. Carrier*, 447 U.S. 478, 492 (1986),  nor has the petitioner asserted a claim of actual innocence. An examination of the prejudice prong is not warranted because Petitioner has failed to establish cause for his procedural default.  *McCleskey v. Zant*, 499 U.S. 502 (1991)

Because the Petitioner procedurally defaulted on claims one through four with no

justifiable cause having been shown for the default and no claim of actual innocence having been made claims one through four should be dismissed.

Petitioner did place claims five and six before the Arkansas Court of Appeals for consideration.

A federal court is required to deny habeas corpus relief where a claim is adjudicated on the merits in state court unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  This provision "mandates a deferential review of state court decisions." *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir.1999). "[M]ere disagreement with the [state] court's conclusions is not enough to warrant habeas relief." *Long v. Humphrey*, 184 F.3d 758, 761 (8th Cir.1999) (quoting Matteo v. Superintendent SCI Albion, 171 F.3d 877, 890 (3rd Cir.1999)). Under the first prong of the statute, relief should not be granted "unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id. at 760 (quoting Matteo, 171 F.3d at 890). Under the second prong, a state court's determination on the merits of a factual issue is entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). *Boyd v. Minnesota*  274 F.3d 497, *500 (C.A.8 (Minn.),2001) Furthermore, under 28 U.S.C. Sec. 2254(e)(1), this presumption of correctness can only be rebutted by clear and convincing evidence.

**Ground 5**
**Hearsay Statement of Victim:**

The statements in question were made after K.P. had reported the rape to her uncle who

lived out of state.  He had in turn told K.P.'s family in Arkansas.  On the day in question, K.P., her mother, sister, Pulliam, and Pulliam's two children were on their way to the Children's Advocacy Center.  According to Pulliam's testimony, K.P. did not know why they were going to the Center and the rape allegation had not been discussed with her on that day.  Additionally, K.P. had not seen Petitioner since her return to Arkansas several days to a week earlier.

On the way to the Center, a vehicle driven by K.P.'s grandmother, Linda, in which Petitioner was a passenger passed the vehicle K.P., Pulliam, and the other were in.  They both stopped and it was decided that Pulliam's son and K.P.'s sister would go with Linda.  Pulliam continued by stating, as K.P.'s sister got in the car with Petitioner, K.P. unbuckled her seatbelt, jumped between the bucket seats in the front of the car and yelled out the window, "Robert don't you hurt my sister like you hurt me."  Pulliam testified further stating that K.P. repeated the statement four or five times, that she was very upset, and that tears were streaming down her face.  Pulliam testified that she returned K.P. to her seat and began to drive away, but had to pull over to soothe and comfort K.P.

Rule 803 (2) of the Federal Rules of Evidence provides that excited utterances, statements relating to a startling event and made while under the stress of excitement caused by the event, are not excluded by the hearsay rule. "For the excited utterance exception to apply, the declarant's condition at the time of making the statement must be such that the statement was spontaneous, excited or impulsive rather than the product of reflection and deliberation." *Reed v. Thalacker*, 198 F.3d 1058, 1061 (8th Cir.1999)  In determining whether a declarant was still under the stress of excitement when he made the statement, we consider "the lapse of time between the startling event and the statement, whether the statement was made in response to an inquiry, the age of the declarant, the physical and mental condition of the declarant, the characteristics of the event, and

the subject matter of the statement." Id.

The Arkansas Rule is almost identical to the federal rule governing this exception to the hearsay rule.  The factors to be use to determine whether a statement is an excited utterance included: 1) the age of the declarant, 2) the physical and mental condition of the declarant, 3) the characteristics of the event, and 4) the subject matter of the statement.  The time between the startling event and the out-of-court statement is relevant, but not dispositive of whether a statement is an excited utterance.  *Davidson v. State*, WL792718, Ark. App. 2004.

Both the trial court and the appellate court examined the declaration and determined the declaration to be an exception to the hearsay rule because it was an excited utterance.  A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result.  *Williams v. Taylor*, 529 U.S. 362 at 405 (2000); *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)

There was no question in this instance that the hearsay statement was made at lease three weeks after the startling event.  Courts have recognized that the lapse of time between the startling event and the statement is not always dispositive in determining whether testimony should be admitted under the excited utterance exception.

Some state courts have found statements to be excited utterances  even though the statements were made by young alleged victims of sexual abuse as much as two or three days after the events at issue. See, e.g., State v. Smith, 909 P.2d 236, 241 (Utah 1995) (38 hours); State v. Plant, 461 N.W.2d 253, 264 (Neb.1990) (two days); State v. Galvan, 297 N.W.2d 344, 347 (Iowa 1980) (two days); State v. Rogers, 428 S.E.2d 220, 226 (N.C.Ct.App.1993), cert. denied, 511 U.S. 1008, 114 S.Ct. 1378, 128 L.Ed.2d 54 (1994) (three days); and State v. Padilla,

329 N.W.2d 263, 265, 267 (Wis.Ct.App.1982) (three days).

The state court in the present factual situation found that the startling event was the fact of "the victim's observance of her sister getting into a vehicle with the alleged rapist..." (Doc. 9, Exhibit B, page 13) The court also observed that "prior to seeing appellant, K.P. was laughing and joking with her cousin in the back seat. However, when K.P. realized that her sister was getting into the same vehicle as appellant, her demeanor markedly and immediately changed. She left her seat, jumped into Pulliam's lap, and repeatedly yelled at appellant not to hurt her sister the way he had hurt her. K.P. was also shaking and crying and had to be comforted. On these facts, there is no doubt that K.P.'s response was immediate and that it was made under the stress of the event of seeing her sister get into the vehicle with the alleged rapist." (Doc. 9, Exhibit B. Page 13)

The state appellate court based its decision on George v. State, 306 Ark. 360, (1991) where the Supreme Court of Arkansas held that a statement was an excited utterance where, following a nightmare, the child told her mother that the defendant had bitten her on her genital area. The time was uncertain, but it was clearly some weeks between the startling event and the statement. The appellate court determined from George that the "startling event may be something other than the crime alleged." (Doc. 9, Exhibit B, page 12) Many other states have recognized the proposition that a victim may be reexcited by a subsequent event. See, *State v. Boston* 545 N.E.2d 1220, 1231 (Ohio 1989); *State v. Gordon*, 952 S.W. 2d 851 (Tenn. 1997); *State v. Bass*, 198 Ariz. 571, (Ariz. 2000); *State v. Mineo*, 104 Wash. App. 1010 (Wash. 2001)

This aspect of "re-excitement" is not foreign in the federal courts. The Ninth Circuit held that the victim's out-of-court statement was admissible under the excited utterance exception, even though the utterance took place a considerable time (more than eight weeks) after her

physical attack. *United States v. Napier*, 518 F. 2d 316, (9th Circuit, 1975) In Napier a brain damaged victim had an adverse reaction to seeing the picture of her attacker in a newspaper shown to her by a relative.

It is clear from the appellate court's decision that time between the crime and the statement was just one of the factors that the court considered. In this instance the court found that the startling event was the fact that the victim saw her sister getting into a vehicle with the man that allegedly abused her and that the reaction was instantaneous.  The other important factors to the court were the age of the victim, the fact that her demeanor changed substantially when her sister got into the car with the defendant, her animated and spontaneous behavior, and that she became very upset to such an extent that the driver of the car had to stop and try to console her.

The rationale of the excited utterance exception is that "the stress of nervous excitement or physical shock 'stills the reflective faculties,' thus removing an impediment to truthfulness." *United States v. Sewell*, 90 F.3d 326, 327 (8th Cir.1996), cert. denied, 519 U.S. 1018, 117 S.Ct. 532, 136 L.Ed.2d 417 (1996), quoting *United States v. Elem*, 845 F.2d 170, 174 (8th Cir.1988), itself quoting 6 John Henry Wigmore, Evidence § 1747, at 195 (James H. Chadbourn rev.1976). *Reed v. Thalacker* 198 F.3d 1058, *1061 (C.A.8 (Iowa),1999)

It cannot be said that the application of the hearsay rule by the Arkansas Appellate Court to the particular facts of this case are contrary to the Federal courts well established decisions or involved an unreasonable application.

The hearsay rule is a rule of evidence designed to protect the constitutional right to confront witnesses, but not every violation of the hearsay rule amounts to a violation of the Confrontation Clause. *Mann v. Thalacker*, 246 F.3d 1092, 1100 (8th Cir.), cert. denied, 534 U.S.

1018, 122 S.Ct. 541, 151 L.Ed.2d 420 (2001). The Confrontation Clause is satisfied when the

hearsay evidence falls within a firmly rooted exception to the hearsay rule or is supported by

facts that otherwise demonstrate the statement's reliability; the Confrontation Clause is

alternatively satisfied when the hearsay declarant testifies at trial and is available for

cross-examination. Id.; see also *United States v. Owens*, 484 U.S. 554, 557, 108 S.Ct. 838, 98

L.Ed.2d 951 (1988) (noting that the Confrontation Clause "has long been read as securing an

adequate opportunity to cross-examine adverse witnesses").  *Bear Stops v. U.S.*  339 F.3d 777,

*781 (C.A.8 (S.D.),2003)

    In the present case K.P. was present at court to testify and did testify at the trial and the

Petitioner had adequate opportunity to examine the witness concerning the statement made. The

court cannot tell from the record if the victim was questioned about the statement or what she

meant by the statement, but it is clear that the victim did testify and was available for cross

examination.

### Ground 6
### Witness Not Competent:

    In addressing the issue raise as claim six in the petition, the Arkansas Court of Appeals

relied on Rule 601 of the Arkansas Rules of Evidence, which mirror Rule 601 of the Federal

Rules of Evidence.  This rule provides that a witness is presumed competent unless evidence is

presented to prove otherwise.

    In this case the trial court, after conducting a hearing outside the presence of the jury

found the witness to be competent.  The Arkansas Appeal Court, after a complete review of the

record, found the witness to be competent.  The Appellate Court stated that "K.P. demonstrated

awareness of her moral obligations to tell the truth and her ability to receive, retain, and transmit

accurate impression.  She stated that she was going to tell the truth and she remembered the discussion about swearing an oath to tell the truth, which the prosecutor referred to as 'raising your right hand and having to tell the truth.'  She further indicated that she knew a lie is not telling the truth, that the truth means to tell what really happened, and that she was required to answer truthfully.

In addition, as indicated by her answers to the questions posed to her by defense counsel's questions concerning his son calling him a 'dummy,' K.P. demonstrated her ability to receive, retain, and transmit accurate impression and demonstrated that she understood that simply because a statement is made does not mean the statement is true."  (Doc. 9, Exhibit B, p. 8)

The trial court has broad discretion in determining the competency of a child to testify. See *Sullivan v. State of Minn*., 818 F.2d 664 (8th Circuit, 1987)  A district court's decision regarding competency is not disturbed on appeal unless clearly erroneous. This is true not only with respect to the district court's decision regarding testimonial capacity but also with respect to the means by which the district court chooses to appraise capacity. *United States v. Schoefield*, 465 F.2d 560 at 562 (D.C.Cir.1972). "The ultimate test of competence of a young child is whether he has the requisite intelligence and mental capacity to understand, recall and narrate his impressions of an occurrence." *U.S. v. Spotted War Bonnet*  882 F.2d 1360, *1362 -1363 (C.A.8 (S.D.),1989) .  To determine if a trial court's decision was reasonable, it must be viewed in light of all of the circumstances.  *May v. Iowa*, 251 F. 3d 713,716 (8th Cir. 2001)

It certainly cannot be said that the trial judge clearly abused his discretion in allowing the witness to testify.  He stopped the testimony as soon as there was a suggestion that she was not competent, held a hearing, allowed questioning by the prosecuting attorney and the defense

attorney and weighed the testimony before allowing the witnesses to resume her testimony.

III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. Section 2254, be dismissed with prejudice.

**The Petitioner shall have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 16th day of May, 2007

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE