IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CLIFTON ROBERT WARNER**                                                            PLAINTIFF

        **v.**            Civil No. 07-5031

**LARRY NORRIS, Director,**
**Arkansas Department of Corrections**                                               DEFENDANT

O R D E R

Now on this 12th day of June, 2007, comes on for consideration the **Magistrate Judge's Report And Recommendation** (document #10), and plaintiff's **Objections** thereto (document #11), and the Court, having carefully reviewed said Report And Recommendation, finds that it is sound in all respects, and that plaintiff's Objections are without merit and should be overruled.

    1. Plaintiff Clifton Robert Warner ("Warner") was convicted of rape in the Circuit Court of Benton County, Arkansas, on September 14, 2004. Warner took a direct appeal, and the Arkansas Court of Appeals affirmed his conviction. **Warner v. State of Arkansas**, 93 Ark.App. 233, 218 S.W.3d 330 (2005). He did not file a petition for post-conviction relief in the state court, but filed a Petition Under 28 U.S.C. §2254 For Writ Of Habeas Corpus By A Person In State Custody in this Court on February 21, 2007.

    2. The Magistrate Judge reported that of Warner's six claims for *habeas* relief, four were procedurally defaulted, and two had been presented to the state court on appeal and resolved adversely to plaintiff. The Magistrate Judge, thus, recommended

that Warner's Petition be dismissed with prejudice.

3. In his Objections, Warner states that he is claiming "actual innocence," and that he pled "not guilty" to his crime of conviction. The Court interprets this as an objection to the recommendation that certain of Warner's claims be dismissed due to procedural default, given the rule that

> [a] state prisoner procedurally defaults a claim when he violates a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court, unless the prisoner can show cause and prejudice for the default, or actual innocence.

**Clemons v. Luebbers**, **381 F.3d 744, 750 (8th Cir. 2004)**.

4. The "actual innocence" gateway to *habeas* relief on defaulted claims is not a broad one. In **House v. Bell**, **126 S.Ct. 2064, 2068 (2006)**, the Supreme Court noted that it is only "[i]n certain exceptional cases involving a compelling claim of actual innocence. . . [that] the state procedural default rule is not a bar to a federal habeas corpus petition."

As explained in **Schlup v. Delo**, **513 U.S. 298, 324 (1995)**,

> to be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

Warner offers absolutely no indication that he has new evidence to present, either in his Petition or in his Objections.

He relies entirely on his statement that he pled "not guilty" to support his assertion of actual innocence. Where the only basis for *habeas* relief is an unsupported allegation of actual innocence, the claim fails. See **Neuendorf v. Graves, 110 F.Supp.2d 1144 (N.D. Iowa, 2000)**, citing **U.S. v. Lurie, 207 F.3d 1075 (8th Cir. 2000).** For this reason, Warner's Objections are overruled.

 5. The Court has reviewed the Report And Recommendation not only in light of Warner's expressed Objections, but in light of governing case law, and finds it to be sound in all respects.

 **IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** is **adopted** *in toto*.

 **IT IS FURTHER ORDERED** that Warner's **Objections** to the Report And Recommendation are **overruled.**

 **IT IS FURTHER ORDERED** that, for the reasons stated in the **Magistrate Judge's Report And Recommendation**, Warner
s claims are **dismissed with prejudice.**

 **IT IS SO ORDERED.**

            /s/ Jimm Larry Hendren
            **JIMM LARRY HENDREN**
            **UNITED STATES DISTRICT JUDGE**