```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     FAYETTEVILLE DIVISION
```

**CLIFTON ROBERT WARNER**                                          **PLAINTIFF**

      **v.**              **Civil No. 07-5031**

**LARRY NORRIS, Director,**
**Arkansas Department of Corrections**                             **DEFENDANT**

### O R D E R

Now on this 3d day of July, 2007, comes on for consideration plaintiff's **Notice Of Appeal** (document #14), same being treated as a **Motion For Certificate Of Appealability.**

Pursuant to **28 U.S.C. §2253**, an appeal may not be taken from a *habeas corpus* proceeding arising out of process issued by a State court without the appellant first obtaining a Certificate Of Appealability.  Such a Certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

Plaintiff -- who was convicted of rape in the State court -- brought a petition pursuant to **28 U.S.C. §2254**, alleging various grounds for relief.  The matter was submitted to the Magistrate Judge, who reported that none of the alleged grounds had merit and recommended that the petition be dismissed.  In particular, the Magistrate Judge recommended that four procedurally defaulted claims be dismissed because plaintiff had made no claim of actual innocence.

In response, plaintiff objected that he was, in fact,

claiming actual innocence, in that he had pled "not guilty" to his crime of conviction.

In adopting the Magistrate Judge's Report And Recommendation, this Court pointed out that an unsupported allegation of actual innocence would not justify relief, and that there was no indication that plaintiff had "new reliable evidence" to present, as required by governing case law.

In response, plaintiff's Notice Of Appeal states that there was "new reliable medical and physical evidence that was very critical [that] was not presented at trial to support the prosecutions [sic] claim that any actual rape had even occured [sic], making the commitment invalid on it's [sic] face."

Plaintiff's Notice Of Appeal does not suggest what this "new reliable medical and physical evidence" might be, however.  Like his claim of actual innocence, it is unsupported by any particulars.  In addition, the Court notes that plaintiff's Petition states, in Ground 2, that "[t]he medical exam report and testimony of doctor "Karen Farst" of the Children's Advocacy Center also clearly indicated no signs of any sexual abuse on the alleged victim."  It thus appears that "medical and physical evidence" supporting plaintiff's position that he was innocent was available at trial, and is not new evidence.

Under these circumstances, the Court perceives no basis to issue a Certificate Of Appealability.  As noted in the Court's

Order dated June 12, 2007, the "actual innocence" gateway to *habeas* relief on defaulted claims is not a broad one, **House v. Bell**, **126 S.Ct. 2064, 2068 (2006),** and it is only "[i]n certain exceptional cases involving a compelling claim of actual innocence. . . [that] the state procedural default rule is not a bar to a federal habeas corpus petition."  Plaintiff's vague allegations of new evidence and constitutional error do not bring him through this narrow gateway.

    **IT IS THEREFORE ORDERED** that plaintiff's **Motion For Certificate Of Appealability** (document #14) is **denied.**

    **IT IS SO ORDERED.**

                                    /s/ Jimm Larry Hendren
                                     **JIMM LARRY HENDREN**
                                     **UNITED STATES DISTRICT JUDGE**